IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER PAUL URBAN, JR., | : | |
| Petitioner, | : | 1:15-cv-2165 |
| v. | : | Hon. John E. Jones III |
| | : | |
| PA STATE ATTORNEY | : | |
| GENERAL, | : | |
| Respondent. | : | |

## **MEMORANDUM**

## **February 18, 2016**

On July 27, 2006, Petitioner Peter Paul Urban, Jr. ("Petitioner"), was sentenced in the Court of Common Pleas of Wayne County, Pennsylvania, to a term of incarceration of six and one half years to forty years following a plea of guilty to one count of Involuntary Deviate Sexual Intercourse in violation of 18 PA.CONS.STAT.ANN. § 3123.  (Doc. 1 p. 1; *see* Electronic Docket, CP-64-CR-0000013-2006 found at http://ujsportal.pacourts.us).  On November 12, 2015, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction.  (Doc. 1).  For the reasons set forth below, the petition will be denied as untimely.

**I.    Background**

Petitioner indicates that following his sentencing, he filed an appeal with the Court of Common Pleas of Wayne County raising the issue of ineffective assistance of counsel but "never heard back from them at all."  (Doc. 1, p. 2).

There is no record of an appeal on the electronic docket sheet. (*See* Electronic Docket, CP-64-CR-0000013-2006).

According to the electronic docket, on April 28, 2015, Petitioner filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT.ANN. §§ 9541-46. On December 18, 2015, the PCRA court notified Petitioner of its intent to dismiss the petition pursuant to PA.R.CRIM.P. 907 and afforded him an opportunity to respond; he failed to respond in any manner. The PCRA petition was denied on January 20, 2016. Petitioner has taken no further action in state court. The instant petition was filed in federal court on November 12, 2015. (Doc. 1). Upon preliminary review of the petition, *see* R. GOVERNING § 2254 CASES R. 4, Respondent was directed to file a response addressing the timeliness of the petition. (Doc. 5, citing *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one-year statute of limitations (provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")). Petitioner was afforded the opportunity to file a reply. (Doc. 5). On December 24, 2015, Respondent filed a response and supporting brief seeking denial of the petition as untimely. (Docs. 9-10). Petitioner did not file a reply.

**II.   Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced on July 27, 2006. His time for pursuing a direct appeal expired on August 26, 2006, at which time his judgment became final. The

one-year statute of limitations period commenced running as of that date and expired one year later. Hence, the federal petition, which was filed on November 12, 2015, is patently untimely.

The Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations in the matter *sub judice* began running on August 26, 2006, and expired on August 26, 2007. Petitioner filed his first PCRA petition on April 28, 2015, more than 7 years after the expiration of the statute of limitations. A PCRA petition does not toll an expired statute of limitations. *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir.2004) (finding that petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, *inter alia*, "the limitations period had already run when it was filed"). An untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. *See Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §

2254(d)(2)."). *See also Merritt v. Blaine*, 326 F.3d 157, 167–68 (3d Cir. 2003). The federal petition which was received in this court on November 12, 2015, was filed after the expiration of the limitations period. Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

    B.    **Equitable Tolling**

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period

he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Review of the state court electronic docket reveals that Petitioner failed to exercise reasonable diligence throughout the limitations period he seeks to toll. He presents absolutely no evidence to account for the more than seven year delay in pursuing his state court remedies or for his delinquency in seeking relief in federal court. Nor does he indicate that extraordinary circumstances obstructed his pursuit

of post-conviction relief in either forum.  Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely.

## IV. Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of

reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order will issue.